NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**QUINCY D. HALL,**
*Petitioner*

**v.**

**DEPARTMENT OF TRANSPORTATION,**
*Respondent*

---

2015-3011

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-12-0006-B-1.

---

Decided: April 8, 2015

---

QUINCY D. HALL, Houston, TX, pro se.

DANIEL S. HERZFELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE, JR.

---

Before LOURIE, TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Quincy D. Hall ("Hall") appeals from the final order of the Merit Systems Protection Board (the "Board") affirming the decision by the Department of Transportation Federal Aviation Administration (the "FAA") to remove him from the position of air traffic control specialist at the Houston Intercontinental Tower. *See Hall v. Dep't of Transp.*, No. DA-0752-12-0006-B-1, 2014 WL 5338879 (M.S.P.B. July 10, 2014) ("*Final Order*"); *Hall v. Dep't of Transp.*, No. DA-0752-12-0006-B-1, 2013 WL 6384048 (M.S.P.B. June 6, 2013) ("*Initial Decision After Remand*"); *Hall v. Dep't of Transp.*, 119 M.S.P.R. 180 (2013) ("*Remand Order*"); *Hall v. Dep't of Transp.*, No. DA-0752-12-0006-I-1, 2012 WL 543856 (M.S.P.B. Jan. 31, 2012) ("*Initial Decision*"). Because the Board's decision contained no error of law, and its factual determinations were supported by substantial evidence, we *affirm*.

BACKGROUND

In September 2006, Hall began employment with the FAA at the San Juan air traffic control tower in Puerto Rico. In July 2007, the FAA terminated his employment during his probationary period. The FAA noted that Hall "continue[d] to have multiple safety related performance deficiencies at the Flight Data/Clearance Delivery position despite recent skill enhancement and remedial training," and that his employment would not "promote the efficiency of the service." Resp't's App. at 60.

In September 2008, Hall entered the FAA's National Air Traffic Technical Training Program ("NATTTP") to certify as an air traffic control specialist at the Houston Intercontinental Tower. Hall's training was terminated in October 2010 due to his failure to successfully complete the Local Control phase of the program. On August 12, 2011, the FAA issued a notice proposing to remove Hall from employment for his failure to complete the required training and denied his request for placement at a lower

level facility. *Id.* at 63–65. The FAA's Air Traffic Manager explained that Hall was "a developmental employee who ha[d] failed to progress" in the training program, and that he did not qualify for placement at a lower level facility under the FAA's Human Resources Policy Manual EMP 1.14. *Id.* The manager also stated that Hall had not "exhibited sufficient skills to be recommended for placement at another lower level facility," and that his "previous employment with the FAA reflect[ed] that [he had] already been unsuccessful at a lower level facility." *Id.*

On September 16, 2011, the FAA removed Hall for his failure to successfully complete the NATTTP. *Id.* at 68–70. Hall appealed to the Board. The Administrative Judge ("AJ") issued an initial decision affirming the FAA's removal decision. *Initial Decision*, ¶¶ 2, 15. Hall petitioned for review by the full Board, which affirmed the AJ's finding that the FAA had proven its charge, but vacated the AJ's decision on "nexus and penalty" because the AJ failed to address Hall's affirmative defenses. *Remand Order*, 119 M.S.P.R. at 181–82 & n.2. The Board thus remanded the appeal and instructed the AJ to issue an initial decision addressing those defenses. *Id.* at 184.

On remand, the AJ advised Hall of his burden of proving the affirmative defenses and provided the parties with an opportunity to submit additional evidence and argument. Resp't's App. at 52–53, 55–57. In June 2013, the AJ issued another initial decision, finding that Hall failed to prove each of his affirmative defenses, and again affirmed the FAA's removal decision. *Initial Decision After Remand*, ¶¶ 2, 5, 15, 17, 20, 23. The AJ rejected Hall's argument that the FAA's Human Resources Policy Manual EMP 1.14, ¶ 6(e) required the agency to reassign him to a lower level facility, reasoning that:

> The provision speaks to situations where an employee who has failed to successfully complete training at the "Academy" is reemployed by the

agency.  At issue in this appeal is not the appellant's reemployment.  The issue is whether the agency had an obligation to reassign the appellant to a lower level facility after the appellant failed to successfully complete his training at the IAH.

*Initial Decision After Remand*, at ¶ 15.  Moreover, the AJ found that Hall failed to show that the FAA was required under the collective bargaining agreement to reassign Hall to a lower level facility after he failed to successfully complete his training.  *Id.*

Hall again petitioned for review, and the full Board denied the petition and affirmed the AJ's 2013 initial decision, which became the Board's final decision.  *Final Order*, ¶ 1.  The Board found that Hall only disagreed with the AJ's factual findings, but failed to show that the AJ "made erroneous findings of material fact, erroneously interpreted statutes or regulations, or erroneously applied the law to the facts of the case."  *Id.* at ¶ 7.  The Board specifically determined that the AJ correctly interpreted EMP 1.14, ¶ 6(e) and that it was "inapplicable here because [Hall] was not reemployed by the agency."  *Id.*

Hall appealed to this court.  We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited.  We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c); *see also Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).  The Board's decision is supported by substantial evidence "if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Brewer v. U.S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981) (internal quotation marks omitted). The Board's legal determinations are reviewed *de novo*. *Salmon v. Soc. Sec. Admin.*, 663 F.3d 1378, 1381 (Fed. Cir. 2011).

Hall argues that the AJ misinterpreted EMP 1.14, ¶ 6(e) and that the full Board misconstrued the AJ's decision. According to Hall, EMP 1.14, ¶ 6(e) applies in his case because the FAA rehired him in Houston after he left his position in Puerto Rico. Hall asserts that EMP 1.14, ¶ 6(e) requires the FAA to reassign a rehired employee to a lower level facility. He maintains, moreover, that he resigned from the position in Puerto Rico for personal reasons, and that the Board erred in finding that he was a "training failure." Reply Br. 2. Finally, Hall contends that the Board erred because it did not specifically address each of his affirmative defenses in the final order.

The government responds that the Board correctly determined that the FAA had no obligation to assign Hall to a lower level facility and that the FAA acted reasonably in declining to reassign Hall after he failed to complete the required training. According to the government, EMP 1.14, ¶ 6(e) is inapplicable to an FAA employee at the removal stage. The government also responds that the record shows that Hall did not resign, but was terminated from his position in Puerto Rico after "multiple safety related performance deficiencies." Resp't's Br. 11. Finally, the government responds that the AJ correctly found that Hall failed to prove any of his affirmative defenses, and that the full Board properly adopted the thorough findings of the AJ in its final order.

We agree with the government and the Board that EMP 1.14, ¶ 6(e) does not apply in determining whether the FAA must reassign Hall to a lower level facility *when*

*removing* him from his position in Houston. EMP 1.14, ¶ 6(e) provides that:

> Former Performance Verification failures at the Academy may not reenter the ATCS occupation above the FG-1 level or the current entry-level rate; successful completion of the initial qualifications training course is mandatory. Former facility failures (at any phase of field training), if rehired, must be assigned to a lower level or less complex facility than the one in which previously employed.

Resp't's App. at 79. That provision applies when the FAA rehires a former employee, providing guidance to the agency on the placement of the newly rehired employee, not when, as in this case, the FAA removes an employee.

Contrary to Hall's assertions, the AJ's and the full Board's decisions were not based on whether he was "rehired" or whether he was an "Academy" failure or a "facility" failure. Pet'r's Br. 3. Rather, the record shows that the AJ correctly concluded that EMP 1.14, ¶ 6(e) did not apply to Hall's circumstances because his reemployment was not at issue, but rather his removal for failure to complete the required training. *Initial Decision After Remand*, ¶ 15. The full Board agreed with the AJ that EMP 1.14, ¶ 6(e) is "inapplicable" in this case. *Final Order*, at ¶ 7. We find no error in that conclusion.

We also reject Hall's allegation of "harmful procedural error" for his employment in Houston after his prior unsuccessful employment at a lower level facility in Puerto Rico. Pet'r's Br. 3, 10–19. To the extent that Hall asserts that under EMP 1.14, ¶ 6(e) the FAA should not have hired him in Houston, we find that Hall failed to establish how that alleged error prejudiced his rights in the removal proceeding at issue here.

Moreover, we agree with the government that the full Board did not err in adopting the AJ's decision without specifically discussing all of Hall's affirmative defenses. The AJ's decision analyzed and rejected each of Hall's affirmative defenses. In denying Hall's petition for review, the full Board correctly found that "[t]he record evidence and the applicable law support the administrative judge's explained findings." *Final Order*, ¶ 8. The full Board thus had no obligation to "reinvent the wheel" in a final decision because the AJ had properly and fully addressed the issues in an initial decision. *Gonzales v. Def. Logistics Agency*, 772 F.2d 887, 889 (Fed. Cir. 1985).

Because substantial evidence supports the Board's affirmance of the FAA's decision to remove Hall for failure to successfully complete the NATTTP, and the Board did not otherwise err, we affirm its decision.

## CONCLUSION

We have considered Hall's remaining arguments but find them unpersuasive. For the foregoing reasons, the decision of the Board is affirmed.

## AFFIRMED

### COSTS

No costs.