UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

ADAM DAMEWOOD,
      Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
DC-0752-14-1038-I-1

DATE: February 12, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Adam Damewood, Atlanta, Georgia, pro se.

Jeffrey James Hatch, Roanoke, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's action suspending him for 21 calendar days. For the reasons discussed below, we GRANT the appellant's petition for review, AFFIRM the administrative judge's findings concerning the charges, but

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

VACATE her findings regarding the nexus and penalty. We REMAND the case to the Washington Regional Office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 Effective August 3, 2014, the agency suspended the appellant from his GS-9 Prosthetics Representative position for 21 calendar days based on 4 charges: (1) failure to comply with a supervisor's instructions; (2) unauthorized absence; (3) failure to follow leave-requesting procedures; and (4) failure to follow procedures. MSPB Docket No. DC-0752-14-1038-I-1, Initial Appeal File (1038 IAF), Tab 7 at 6-9, 44-46.

¶3 The appellant filed an appeal with the Board regarding the suspension. 1038 IAF, Tab 1. As to Charge 1, he argued that he did not have sufficient training to complete the assignment forming the basis of the charge. March 25, 2015 Hearing Compact Disc (HCD1) (testimony and closing argument of the appellant). He argued that Charges 2 and 3 should not be sustained because the agency improperly denied him properly requested leave. *Id.*; 1038 IAF, Tab 1 at 7. He argued that the agency violated his due process rights by failing to provide him with sufficient evidence to respond to Charge 4. 1038 IAF, Tab 1 at 7; *see* 1038 IAF, Tab 26, Initial Decision (ID) at 12; HCD1 (testimony and closing argument of the appellant). He also raised an affirmative defense of reprisal for equal employment opportunity (EEO) activity. 1038 IAF, Tab 1 at 7.

¶4 After holding the requested hearing, the administrative judge issued an initial decision affirming the suspension. ID. She found that the agency proved Charges 1 and 4 by preponderant evidence. ID at 3-4, 8-13. She rejected the appellant's argument that the agency did not provide him with sufficient information for him to make a meaningful response to Charge 4. ID at 9-10, 12-13. She did not sustain Charges 2 and 3, finding that the appellant had properly requested leave under the Family and Medical Leave Act of 1993

(FMLA) for the time period at issue, which the agency improperly denied.[2] ID at 5-8. She found that there was a nexus between Charges 1 and 4 and the appellant's job duties and that the agency's penalty of a 21-day suspension was appropriate, notwithstanding that Charges 2 and 3 were not sustained. ID at 13-17. She also found that the appellant failed to prove his affirmative defense of EEO reprisal. ID at 17-20. She noted that, at the hearing, the appellant appeared to raise an affirmative defense of discrimination based on sexual orientation. ID at 18. Although the appellant did not raise this claim before the hearing, the administrative judge found in the initial decision that the appellant did not prove this claim because he failed to present any evidence that the proposing and deciding officials were aware of, and therefore might have taken the action based on, his sexual orientation. ID at 17-20.

¶5    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He argues that: (1) he did not have the proper training and resources to complete the assignment that formed the basis of Charge 1; (2) the agency did not provide him with sufficient evidence for him to make a meaningful response to Charge 4; (3) the administrative judge improperly denied his request for several witnesses; and (4) the agency permitted a nonsupervisory employee to

---

[2] Neither party challenges, and we will not disturb, the administrative judge's finding that Charges 2 and 3 cannot be sustained. We note, however, that the administrative judge relied on the FMLA implementing regulations at 29 C.F.R. part 825, ID at 7, which apply to private sector and Postal Service employees. She should have relied on the regulations applicable to Federal employees at 5 C.F.R. part 630. *See Edwards v. Department of Veterans Affairs*, 100 M.S.P.R. 437, ¶ 7 (2005), *aff'd*, 180 F. App'x 963 (Fed. Cir. 2006). We discern no harm by this error, though, because the provisions the administrative judge cited are analogous to the provisions at 5 C.F.R. part 630. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision); *compare* 5 C.F.R. §§ 630.1201-.1203, *with* 29 C.F.R. §§ 825.110, .112, .113, .115.

"draft[ ] the evidence file" for the suspension action, in violation of the master agreement.[3] *Id.* at 3-5. The agency did not respond to the petition for review.

<u>The agency proved Charge 1 by preponderant evidence.</u>

¶6        Charge 1 alleged that the appellant failed to comply with his supervisor's instructions to complete a Standard Operational Procedure (SOP) for the clothing allowance program by a specific deadline. 1038 IAF, Tab 7 at 6. The appellant did not request an extension and provided no explanation for failing to meet the deadline. *Id.* Notwithstanding these factors, the appellant's supervisor granted him an additional 4 months to complete the assignment, but he still failed to do so and told his supervisor that he did not think it was necessary for him to complete the assignment. *Id.*

¶7        The appellant does not dispute that he failed to complete this assignment by the deadline, but argues that he was unable to do so because he did not have proper training and access to a necessary computer program. PFR File, Tab 1 at 4. However, the appellant acknowledged at the hearing that he had completed several SOPs in the past. HCD1 (testimony of the appellant). Although he testified that he had never completed an SOP for the clothing allowance program, he did not dispute the proposing official's testimony that he had processed clothing allowances. HCD1 (testimony of the appellant and proposing official). The appellant also testified that he had received training in the past regarding clothing allowances, but asserted that the process had changed and he did not receive training on the new process. July 22, 2015 Hearing Compact Disc (HCD2) (testimony of the appellant). Based on the foregoing, we agree with the administrative judge that, even if the appellant needed additional training and resources, he could have attempted to complete the assignment, given that he

_____

[3] The appellant also states that he "was illegally denied FMLA benefits," which prevented him from being able to get proper medical care. PFR File, Tab 1 at 5. We cannot address this claim because the Board only may adjudicate a claim that an agency failed to comply with the terms of the FMLA as it relates to leave-related disciplinary actions. *See Lua v. U.S. Postal Service*, 87 M.S.P.R. 647, ¶ 12 (2001).

knew how to draft an SOP and had at least some knowledge of how to process clothing allowances. ID at 15. Further, consistent with the agency's claim that the appellant stated the assignment was unnecessary, he clearly testified that he believed the assignment was merely "busy work" designed to prevent him from doing other work and set him up for failure because his supervisor had previously failed to review other SOPs he completed. HCD1 (testimony of the appellant). We therefore discern no basis to disturb the administrative judge's finding that the agency proved Charge 1 by preponderant evidence. ID at 3-4.

<u>The agency did not violate the appellant's due process rights concerning Charge 4 and proved this charge by preponderant evidence.</u>

¶8        Charge 4, failure to follow procedures, contained two specifications. The first specification alleged that the appellant failed to follow established guidelines for processing Home Improvements and Structural Alterations (HISA) grants, including failing to: (1) set up five HISA files; (2) mail five HISA information packets following initial consults with veterans; (3) notify five veterans and/or vendors of HISA approval; (4) timely process four veterans' HISA packet submissions; and (5) file six completed HISA forms. 1038 IAF, Tab 7 at 7. The second specification alleged that the appellant failed to complete scheduling tasks relating to three consults. *Id.* at 7-8.

¶9        In support of Charge 4, the agency relied upon a list of deficiencies that the proposing official had directed one of the appellant's coworkers, H.D., to create before he proposed the action. 1038 IAF, Tab 7 at 33-36. The proposing official explained that complaints received while the appellant was out of the office prompted him to ask H.D. to go through the appellant's office and voicemails and to make a list of all outstanding tasks and problems she discovered that still needed to be addressed. HCD1 (testimony of proposing official).

¶10       It appears that the deciding official viewed all of the items on this list as specifications supporting Charge 4. HCD1 (testimony of deciding official). However, based upon our review, the list does not correspond fully with the

proposal notice. For instance, it only contains three examples of the appellant failing to notify vendors or veterans of HISA approval, and four examples of the appellant failing to send HISA packets, although the proposal notice states that there were five instances of each. 1038 IAF, Tab 7 at 33-34 (items 1-3, 6-8, 11). It contains seven examples of the appellant failing to set up HISA files, although the proposal notice only references five such instances. *Id.* at 34-36 (items 9, 11, 13-14, 16). Further, it cites issues not discussed in the proposal notice, including that the appellant: (1) failed to correctly review consults for accuracy and completeness according to the applicable checklist; (2) failed to include appropriate supporting documentation when sending sensitive files to another location for processing; and (3) gave incorrect HISA approval information to a veteran. *Id.* at 35 (items 12, 15).

¶11      Before taking an appealable action that deprives a tenured Federal employee of his property right in his employment, an agency must provide him with minimum due process of law. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 543-46 (1985). He is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. *Id.* at 546; *see* 5 U.S.C. § 7513(b). Procedural due process guarantees are not met if the employee does not receive notice of the employer's evidence against him in support of the charges. *See Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999). Thus, we find it necessary to consider whether the deciding official's reliance on the aforementioned list violated the appellant's due process rights.

¶12      There is no requirement that a proposal notice be a self-contained document, and the Board has held that the notice requirement is satisfied when the proposal and any attachments to it, taken together, provide the employee with specific notice of the charges against him so that he can make an informed and meaningful reply. *Alvarado v. Department of the Air Force*, 97 M.S.P.R. 389, ¶ 15 (2004). Here, there is no dispute that the appellant gave an oral reply and

that he received a copy of the list before doing so. HCD1 (testimony of deciding official and the appellant); 1038 IAF, Tab 7 at 44. Further, the deciding official testified that he asked the appellant about each instance noted in the list during his oral reply, which the deciding official estimated lasted for 2 hours. HCD1 (testimony of deciding official). We therefore find no due process violation because the appellant was aware of what the deciding official would consider and received an opportunity to respond before a decision was made.

¶13    The appellant claims that he was unable to defend himself against Charge 4 because the list did not provide him with sufficient information to review the cases for which he allegedly failed to follow procedures. PFR File, Tab 1 at 3-4. Specifically, he states that he only received the veterans' first names and the last four digits of their social security numbers. *Id.* at 3. The administrative judge rejected this argument, finding that the agency provided the appellant with the veterans' first initials, last names, and 4-digit identifying numbers. ID at 12.

¶14    The list provided to the appellant with the June 2014 proposal notice contained only veterans' initials. 1038 IAF, Tab 7 at 33-36. There is no dispute that this information alone would not have been sufficient for the appellant to identify the cases cited. HCD1 (testimony of H.D.). However, the appellant had previously received an almost identical copy of the list, which contained veterans' last names and 4-digit identifying numbers.[4] 0433 IAF, Tab 4 at 10-13. Taking the two lists together, the appellant had veterans' first initials, last names, and 4-digit identifying numbers for items 1 through 14 and 16 on the list.

---

[4] The agency initially suspended the appellant for 21 days beginning in January 2014, based upon the same charges and specifications at issue in the instant appeal. MSPB Docket No. DC-0752-14-0433-I-1, Initial Appeal File (0433 IAF), Tab 4 at 6-9, 21-23. The appellant filed an appeal with the Board regarding that action. 0433 IAF, Tab 1. The agency subsequently rescinded the suspension because it admittedly failed to provide the appellant with a copy of its evidence file before effecting the action. 0433 IAF, Tab 23 at 4; 1038 IAF, Tab 7 at 5. However, it submitted a copy of the evidence file in February 2014 during the processing of that appeal. 0433 IAF, Tab 4 at 10-13.

*Compare id.*, *with* 1038 IAF, Tab 7 at 33-36.  The list also included relevant dates which, presumably, also would have been useful to the appellant in locating these cases.  1038 IAF, Tab 7 at 33-36.  Although the appellant claims that he needed "more information," he neither explains why the aforementioned information was insufficient nor identifies what additional information he would have needed.  PFR File, Tab 1 at 3-4.  Thus, as to items 1 through 14 and 16, we agree with the administrative judge that the agency provided the appellant with sufficient information to locate the applicable files and defend himself.  ID at 12.

¶15    As to item 15, the agency did not identify the veterans whose sensitive files did not include appropriate supporting documentation and only provided the last names of the veterans involved in the appellant's issuance of incorrect HISA approval information.  1038 IAF, Tab 7 at 35; 0433 IAF, Tab 4 at 12.  Also, as to the latter, the list referenced an attachment which it appears the agency did not give to the appellant.  1038 IAF, Tab 7 at 35; 0433 IAF, Tab 4 at 12-13.  As to item 17, the agency only provided the veterans' last names.  1038 IAF, Tab 7 at 36; 0433 IAF, Tab 4 at 13.  We therefore disagree with the administrative judge that the agency provided the appellant with sufficient information about these two issues.

¶16    The administrative judge also found, however, that, even if the agency did not provide the appellant with sufficient information, he could have requested additional information but failed to do so.  ID at 12-13.  She did not credit the appellant's claim that he had requested additional information from the proposing and deciding officials and H.D.  ID at 12-13.  She noted that:  (1) both the proposing official and H.D. denied that the appellant requested additional information from them and would have had no reason not to provide him with the information had he asked for it; and (2) the appellant did not provide any evidence that he requested additional information in writing from the agency.  ID at 12.  Further, although the deciding official testified that the appellant claimed not to know whether any of the cases identified on the list were actual veteran

patients, the administrative judge found that this did not support the appellant's claim that he requested additional information from the deciding official. ID at 12-13. She found that there was no evidence that the deciding official had any animus against the appellant and that, had the appellant asked for additional information, the deciding official would have investigated the issue, as he did regarding other arguments the appellant raised during the oral reply. ID at 12-13.

¶17       On review, the appellant again claims that he requested additional information, but he does not provide any evidence or argument to refute the administrative judge's specific credibility findings to the contrary. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Accordingly, we will not disturb the administrative judge's finding that the appellant failed to request additional information regarding Charge 4. Thus, as to items 15 and 17, notwithstanding that the information provided may have been insufficient, we decline to find that the agency violated the appellant's due process rights. *See McNab v. Department of the Army*, 121 M.S.P.R. 661, ¶¶ 16-18 (2014). We also find, based on the foregoing, that the agency's failure to provide sufficient information as to items 15 and 17 did not constitute a harmful procedural error. *See id.*, ¶ 17.

¶18       The administrative judge found, based upon the list of deficiencies discussed above, which was corroborated by the proposing official and H.D., that the agency proved Charge 4 by preponderant evidence. We discern no reason to disturb this analysis.[5] The list contains a detailed accounting of the specific tasks

---

[5] Although the list of deficiencies upon which the agency relied did not provide evidence of some of the alleged instances of the appellant failing to notify vendors and/or veterans of HISA approval, and failing to send HISA packets, the charge can still

that the appellant failed to complete according to required procedures. 1038 IAF, Tab 7 at 33-36. The proposing official and H.D. provided further explanation of each incident at the hearing. HCD1 (testimony of proposing official and H.D.). On review, the appellant offers no evidence or argument to refute these incidents. We therefore find that the administrative judge properly sustained Charge 4.

The appellant has shown no error in the administrative judge's witness rulings.

¶19     The appellant requested as witnesses several agency employees whom he alleged were "[w]itnesses to discrimination, harassment, and retaliation." 1038 IAF, Tab 15 at 7. The administrative judge approved two of these witnesses and found that the remaining witnesses would be duplicative or did not have relevant information to provide. 1038 IAF, Tab 19 at 2. The appellant states that his two approved witnesses confirmed that he was harassed in the workplace and argues that, had the administrative judge allowed his additional requested witnesses to testify, "it would have had a bigger impact on the big picture of the situation in which [he] was working." PFR File, Tab 1 at 3. Even if the appellant was working in a hostile environment, however, this is irrelevant without evidence that the hostile work environment was based on his membership in a protected class. *See Kitlinski v. Department of Justice*, 123 M.S.P.R. 41, (2015) ¶ 20 (stating that an employee generally must allege some connection between the agency's acts of hostility and his protected status to bring the challenged conduct within the scope of the relevant anti-discrimination statute at issue). The appellant does not cite any evidence or make any argument to challenge the administrative judge's finding that he failed to establish that the proposing and deciding officials were aware of his EEO activity or his sexual orientation. ID

be sustained. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (finding that, where more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge); *Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 8 (2014) (explaining that an agency is required to prove only the essence of its charge and need not prove each factual specification supporting the charge).

at 17-20. Because the appellant has not shown that the denied witnesses would have provided relevant, material testimony, this argument does not establish a basis for review. *See Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 13 (2013).

We remand this appeal for the administrative judge to adjudicate the appellant's affirmative defense of harmful procedural error.

¶20　　　On review, the appellant alleges that the agency permitted a nonsupervisory employee to "draft[ ] the evidence (file)" for the suspension action, in violation of the master agreement. PFR File, Tab 1 at 3-5. He states that he raised this issue several times below, but it was never addressed. *Id.* at 4.

¶21　　　The appellant clearly alleged a violation of the master agreement below. 1038 IAF, Tab 1 at 7. On his initial appeal form, he asserted that the agency violated the master agreement by using hearsay evidence from a coworker in reaching its decision to suspend him. *Id.* At the hearing, the appellant asked the deciding official whether he was aware that the document supporting Charge 4 was prepared by H.D., a nonsupervisory employee, in violation of the master agreement.[6] HCD2 (testimony of deciding official). The appellant also asked both the proposing official and H.D. about the circumstances surrounding the creation of the aforementioned document. HCD1 (testimony of proposing official and H.D.). It therefore appears to us that this pro se[7] appellant was attempting to raise a harmful error affirmative defense. *See Smart v. Department of the Army*, 105 M.S.P.R. 475, ¶ 10 (2007) (stating that pro se appellants are not required to plead issues with the precision of an attorney); *Giesler v. Department of Transportation*, 3 M.S.P.R. 277, 280 (1980) (holding that provisions of a

---

[6] The administrative judge sustained the agency's objection as to relevance, so the deciding official did not respond to this question. HCD2 (testimony of deciding official).

[7] The appellant designated a union representative on his initial appeal form. 1038 IAF, Tab 1 at 4. However, he appeared pro se at a status conference, two prehearing conferences, and the hearing. 1038 IAF, Tabs 10, 16, 19; HCD1 (testimony of the appellant). Further, the initial decision identifies the appellant as pro se. ID at 1.

bargaining agreement will be treated in the same manner as agency regulations for purposes of 5 U.S.C. § 7701(c)(2)), *aff'd*, 686 F.2d 844 (10th Cir. 1982).

¶22    The Board has consistently required administrative judges to apprise appellants of the applicable burdens of proving a particular affirmative defense, as well as the kind of evidence required to meet those burdens. *See Hall v. Department of Transportation*, 119 M.S.P.R. 180, ¶ 4 (2013), *aff'd*, 608 F. App'x 930 (Fed. Cir. 2015). Here, however, the administrative judge did not inform the appellant of his burden to prove, or how to prove, his harmful error affirmative defense.[8] 1038 IAF, Tab 10 at 2-3, Tab 19 at 1. Further, she did not address that defense in the initial decision. ID at 17-20; *see Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980) (finding that an initial decision must identify all material issues of fact and law, summarize the evidence, resolve issues of credibility, and include the administrative judge's conclusions of law and her legal reasoning, as well as the authorities on which that reasoning rests). Thus, we cannot resolve this case without remanding it because the appellant did not receive a fair and just adjudication of that defense. *See Hall*, 119 M.S.P.R. 180, ¶ 5.

¶23    On remand, the administrative judge shall inform the appellant of his burden of proof regarding his harmful error affirmative defense and afford the parties an opportunity to submit evidence and argument on this issue. *See Hall*, 119 M.S.P.R. 180, ¶ 7. She then must issue a new initial decision that addresses the appellant's harmful error affirmative defense and its effect on the outcome of the appeal, if any, giving appropriate consideration to any additional relevant evidence developed on remand. *See id.*

¶24    An adverse action is sustainable only if the appellant cannot establish his affirmative defenses. *Hall*, 119 M.S.P.R. 180, ¶ 8. Given the administrative judge's failure to adjudicate the appellant's harmful error affirmative defense, it

---

[8] The agency's pleadings also did not provide such notice.

would be premature for the Board to consider whether the agency established nexus and the appropriateness of its penalty. *Id.* Thus, we vacate the administrative judge's findings concerning nexus and the penalty. *See id.*, ¶ 19. If the appellant does not prevail on his harmful error affirmative defense on remand, then the administrative judge may incorporate into the new initial decision her original findings with respect to nexus and the penalty. *See id.*, ¶ 18.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

_____

Washington, D.C.                    William D. Spencer
                                    Clerk of the Board